UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

KAMERAN B. MATI,

    Plaintiff,

                          Case No. 21-12713
                          Hon.

vs.

DELTA AIRLINES, INC.
a foreign profit corporation,

    Defendant.

---

AYANNA D. HATCHETT (P70055)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC.**
Attorneys for Plaintiff
The Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI  48226
(313) 324.8300
ahatchett@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com

---

## **COMPLAINT & JURY DEMAND**

Plaintiff, KAMERAN B. MATI, through his counsel, JOHNSON LAW, PLC, for his Complaint states the following:

1. Plaintiff, KAMERAN B. MATI, is a resident of Oakland County, Michigan.

2. Defendant, DELTA AIR LINES, INC. ("Delta"), is a foreign corporation that is incorporated in the State of Delaware, which does continuous and systematic business in Michigan generally and specifically within the district of this Court.

3. Delta is a common carrier and is in the business of operating and maintaining commercial aircraft and providing travel for hire out of a terminal located in Detroit Metropolitan Wayne County Airport ("DTW").

4. At all times relevant to this lawsuit, the Delta Sky Club(s) ("Sky Club"), located inside the Delta Terminal of DTW, were owned, possessed, managed, maintained and/or otherwise controlled by Delta.

5. Under 28 U.S.C. §1332, this Court has diversity jurisdiction over the claims set forth here because the amount in controversy exceeds $75, 000.00 and there is complete diversity of citizenship between Plaintiff and Defendant.

6. Under 28 U.S.C. §1331, this Court has subject matter jurisdiction over this case because Plaintiff's cause of action is predicated upon an international treaty signed onto and ratified by the United States of America, Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (hereafter the "Montreal Convention").

7. Under 28 U.S.C. § 1391, venue is proper in this district because a substantial part of the events and/or omissions giving rise to the claims as alleged here occurred in this district; Plaintiff resides in this district and/or Defendant is otherwise subject to personal jurisdiction in this district given its systematic and continuous business activities within this district.

8. Prior to November 21, 2019, a ticket for air travel was purchased on behalf of Plaintiff through Defendant Delta for non-stop, round-trip travel from DTW, to Cancun Mexico ("CUN"). Plaintiff was scheduled to return on a non-stop flight from CUN to DTW on November 25, 2019.

9. Prior to November 21, 2019, Plaintiff was a Delta Sky Club Platinum Member as well as a Delta SkyMiles Reserve American Express Card Member. Both memberships entitled Plaintiff to access the Sky Club when travelling on a same-day Delta marketed or operated flight.

10. On November 21, 2019, Plaintiff had the legal status of a business invitee.

11. On November 21, 2019, while waiting for his flight to depart, Plaintiff went to a Sky Club in DTW. When Plaintiff sat down in one of the recliner chairs, inside the Sky Club, the back legs/frame of the chair collapsed and flipped Plaintiff backward. At the same time, the granite table, that was attached to recliner, fell on top of Plaintiff.

12. The backward fall from the chair together with the weight of the granite table caused Plaintiff to sustain serious physical injuries to both of his knees and his back as well as emotional and/or mental anguish.

### COUNT I: STRICT LIABILITY – THE MONTREAL CONVENTION

13. Plaintiff incorporates by reference paragraphs 1 through 12 above.

14. Defendant is liable for the injuries and damages sustained by Plaintiff pursuant to Article 17 of the Montreal Convention.

15. As a direct and proximate result of the incident described here, Plaintiff fell and suffered severe, permanent, painful and disabling injuries, including but not limited to:

    a.    physical pain and suffering;
    b.    permanent scarring, disfigurement and/or disability;
    c.    emotional and/or mental anguish;
    d.    denial of social pleasures and enjoyment;
    e.    fright and shock;
    f.    embarrassment, humiliation, or mortification;
    g.    past and future expenses for necessary medical care, treatment and/or rehabilitative services;

   h. past and future wage loss and/or reduction in earning capacity; and
   i. all other damages learned through the course of discovery and recoverable under applicable law.

16. In the event that Plaintiff was suffering from any other medical and/or emotional condition then, Plaintiff states that those conditions were precipitated, aggravated and/or accelerated as a direct and proximate result of the described incident.

## COUNT II- PREMISES LIABILITY

17. Plaintiff incorporates by reference paragraphs 1- 16 above.

18. At all times relevant, Defendant owed certain duties to its business invitees to keep its premises in reasonably safe condition, and to avoid and/or eliminate the existence of known or reasonably anticipated hazards.

19. At all times relevant, Defendant breached these duties in the following ways, including but not limited to:

>a. negligent failure to inspect the defective premises;
>
>b. negligent failure to inspect the premises to discover the defective recliner chair (hereafter the "defective condition")
>
>c. negligent failure to respond to defective condition prior to Plaintiff's injury incident;
>
>d. negligent failure to use ordinary care and prudence to keep the premises in a reasonably safe condition.
>
>e. negligent failure to warn business invitees of the defective condition;
>
>f. negligent failure to respond to, fix or repair the condition so as to eliminate the defective and hazardous condition on the premises despite having created the defective and hazardous condition and/or having active knowledge and/or constructive knowledge of the defective and hazardous condition.
>
>g. negligent failure to supervise the maintenance of the premises to ensure that its premises was safe for the public's use;
>
>h. negligent failure to regularly inspect the premises for dangerous and hazardous conditions;

   i. negligent failure to properly train, supervise, manage and/or instruct their employees, agents, contractors, and/or representatives;

   n. created a dangerous and hazardous condition on the premises or contributed to the creation of a dangerous and hazardous condition on the premises; and

   o. other breaches and acts of negligence learned through the course of discovery.

20. The defective condition on Defendant's premises was not known to Plaintiff and the defective condition did not constitute an open and obvious condition because the defect was not reasonably observable upon casual inspection under the circumstances.

21. Regardless of whether the hazardous condition was open and obvious, the condition was unreasonably dangerous and/or effectively unavoidable, given that it was created and enhanced by the defendant.

22. Defendant had actual and/or constructive notice of the defective and/or hazardous condition.

23. As a direct and proximate result of the above breaches of duty by Defendant, Plaintiff fell and suffered severe, permanent, painful and disabling injuries, including but not limited to:

  a. physical pain and suffering;
  b. permanent scarring, disfigurement and/or disability;
  c. emotional and/or mental anguish;
  d. denial of social pleasures and enjoyment;
  e. fright and shock;
  f. embarrassment, humiliation, or mortification;
  g. past and future expenses for necessary medical care, treatment and/or rehabilitative services;
  h. past and future wage loss and/or reduction in earning capacity; and
  i. all other damages learned through the course of discovery and recoverable under applicable law.

24. In the event that Plaintiff was suffering from any other medical and/or emotional condition then, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated as a direct and proximate result of the defendant's breaches of the duties above.

## COUNT III – NEGLIGENCE/GROSS NEGLIGENCE

25. Plaintiff incorporates by reference paragraphs 1 through 24 above.

26. At all times relevant, Defendant owed certain duties to its business invitees to keep its premises in reasonably safe condition, and to avoid and/or eliminate the existence of known or reasonably anticipated hazards.

27. At all times relevant, Defendant breached these duties in the following ways, including but not limited to:

> a. negligent failure to inspect the defective premises;
>
> b. negligent failure to inspect the premises to discover the defective recliner chair (hereafter the "defective condition")
>
> c. negligent failure to respond to defective condition prior to Plaintiff's injury incident;
>
> d. negligent failure to use ordinary care and prudence to keep the premises in a reasonably safe condition.
>
> e. negligent failure to warn business invitees of the defective condition;
>
> f. negligent failure to respond to, fix or repair the condition so as to eliminate the defective and hazardous condition on the premises despite having created the defective and hazardous condition and/or having active knowledge and/or constructive knowledge of the defective and hazardous condition.
>
> g. negligent failure to supervise the maintenance of the premises to ensure that its premises was safe for the public's use;
>
> h. negligent failure to regularly inspect the premises for dangerous and hazardous conditions;
>
> i. negligent failure to properly train, supervise, manage and/or instruct their employees, agents, contractors, and/or representatives;
>
> n. created a dangerous and hazardous condition on the premises or contributed to the creation of a dangerous and hazardous condition on the premises; and
>
> o. other breaches and acts of negligence learned through the course of discovery.

28. The defective condition on Defendant's premises was not known to Plaintiff and the defective condition did not constitute an open and obvious condition because the defect was not reasonably observable upon casual inspection under the circumstances.

29. Regardless of whether the hazardous condition was open and obvious, the condition was unreasonably dangerous and/or effectively unavoidable, given that it was created and enhanced by the defendant.

30. Defendant had actual and/or constructive notice of the defective and/or hazardous condition.

31. As a direct and proximate result of the above breaches of duty by Defendant, Plaintiff fell and suffered severe, permanent, painful and disabling injuries, including but not limited to:

    a. physical pain and suffering;
    b. permanent scarring, disfigurement and/or disability;
    c. emotional and/or mental anguish;
    d. denial of social pleasures and enjoyment;
    e. fright and shock;
    f. embarrassment, humiliation, or mortification;
    g. past and future expenses for necessary medical care, treatment and/or rehabilitative services;
    h. past and future wage loss and/or reduction in earning capacity; and
    i. all other damages learned through the course of discovery and recoverable under applicable law.

32. In the event that Plaintiff was suffering from any other medical and/or emotional condition then, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated as a direct and proximate result of the defendant's breaches of the duties above.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant, in whatever amount at least above the sum of $75,000.00 to which Plaintiff may be found entitled, exclusive of costs, interest and attorney fees.

        Respectfully submitted,

        **JOHNSON LAW, PLC.**


By:  */s/   Ayanna D. Hatchett*
     AYANNA D. HATCHETT (P70055)
     Counsel for Plaintiff
     The Buhl Building
     535 Griswold, Ste. 2632
     Detroit, MI 48226
     (313) 324.8300
     ahatchett@venjohnsonlaw.com

Dated: November 19, 2021

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF MICHIGAN

KAMERAN B. MATI,

    Plaintiff,

                                              Case No. 21-12713
                                              Hon.

vs.

DELTA AIRLINES, INC.
a foreign profit corporation,

    Defendant.

---

AYANNA D. HATCHETT (P70055)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC.**
Attorneys for Plaintiff
The Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI  48226
(313) 324.8300
ahatchett@venjohnsonlaw.com
vjohnson@venjohnsonlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff, KAMERAN MATI, through his counsel, JOHNSON LAW, PLC to respectfully demand a trial by jury.

        Respectfully submitted,

        **JOHNSON LAW, PLC**

By: */s/ Ayanna D. Hatchett*
        AYANNA D. HATCHETT (P70055)
        Counsel for Plaintiff
        The Buhl Building
        535 Griswold, Ste. 2632
        Detroit, MI 48226
        (313) 324.8300

Dated: November 19, 2021