## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KAMERAN MATI,

      Plaintiff,                   Case No. 21-12713

v.                             Hon. Denise Page Hood

DELTA AIRLINES, INC. and
DAVIS FURNITURE INDUSTRIES, INC.,

      Defendants.

_____/

## ORDER GRANTING DELTA AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 34] AND DAVIS FURNITURE INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 36]

## I.  INTRODUCTION

Now, before the Court are Defendants', Delta Airlines ("Delta") and Davis Furniture Inc. ("Davis Furniture"), Motions for Summary Judgment. [ECF No. 34 and 36]. Both motions have been fully briefed and are ready for adjudication.[1]

## II.  BACKGROUND

---

[1] On November 13, 2023, Delta filed a motion to strike portions of Plaintiff's response to Davis Furniture's Motion for Summary Judgment. [ECF No. 45]. Delta's motion moves to strike those portions where Plaintiff requests that this Court preclude Delta from presenting evidence as to Davis Furniture's liability if the Court finds that summary judgment is appropriate as to Davis Furniture. [ECF No. 43, PageID.763]. Plaintiff's request for court order embedded in his response is inappropriate under the Federal Rules of Civil Procedure and case law. See Rule 7(b)(1)(B); *U.S. v. Gunter*, 2007 WL 3026380, at *1 (E.D. Mich. Oct. 15, 2007). Therefore, the Court disregards Plaintiff's request and grants Delta's motion.

1

Plaintiff Kameron Mati brings the present action to recover damages he claims he incurred after a fall he sustained in the Delta Sky Club (the "Club") at Detroit Metropolitan Airport. On November 21, 2019, Plaintiff and his then wife, Zina Zaia, were scheduled to fly on a Delta operated flight from Detroit Metropolitan Wayne County Airport to Cancun International Airport. Prior to the flight, Plaintiff and Zaia went to the main Club in the McNamara Terminal, where Plaintiff generally waits for his flights. There is no dispute that the Club is maintained and operated by Delta and used by passengers on flights operated by Delta and many other airlines.

At the time of the accident, the Club was furnished with square arm webb lounge chairs with small pivoting granite tabletops, manufactured by Davis Furniture. Upon arriving in the Club, Plaintiff and Zaia got food and drinks, which Plaintiff placed on the granite tabletop before sitting down in the chair. Plaintiff claims that seconds after he sat down in the chair, the chair collapsed and tipped over straight backwards all the way to the ground, trapping Plaintiff between the chair and granite tabletop. Plaintiff alleges that the two back legs of the chair broke, causing the fall.

2

Plaintiff alleges that he was helped up by Zaia and a uniformed Delta employee. Plaintiff further alleges that the uniformed employee stated that the chairs were old, that they were supposed to be replaced and that "we keep telling them, the managements [*sic*], to change the furnitures [*sic*] because its old."[2] [ECF No. 34-2, PageID.263]. Plaintiff further alleges that he began experiencing a burning pain in his legs and lower back immediately after the fall, about which he informed Zaia. Despite the incident, Plaintiff proceeded to get on his scheduled flight and the length of the trip was not altered.

### III.   PROCEDURAL HISTORY

Plaintiff has brought a five-Count First Amended Complaint against Delta and Davis Furniture. Counts one through three are lodged against Delta and include: Count I – Strict Liability – The Montreal Convention, Count II – Premises Liability, and Count III – Negligence/Gross Negligence. The remaining Counts pertain to Davis Furniture and include Count IV – Breach of Implied Warranty and Count V – Negligence/Gross Negligence. The parties completed fact/expert discovery on

---

[2] Plaintiff has not provided an affidavit from the employee and Delta questions the admissibility of the statement which is discussed below.

September 15, 2023. Both Defendants have moved for summary judgment as to all counts against them.

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Rule 56(c)(1)(A). "As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Courts "must accept Plaintiff's evidence as true and draw all reasonable inferences in her favor[.]" *Id*. The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

Where jurisdiction is based on diversity, the District Court must "apply state law in accordance with the then controlling decision of the highest state court." *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994).

## V.   ANALYSIS

### A. Delta

Delta has moved for summary judgment as to all counts alleged by Plaintiff. [ECF No. 34]. Plaintiff has abandoned Count I – Strict Liability – The Montreal Convention, as evidenced by his failure to respond to Delta's argument that Article 17 of the Montreal Convention is inapplicable to this case. *Id*. at PageID.236-242; ECF No. 239. Therefore, the only claims remaining against Delta are Count II – Premises Liability and Count III – Negligence/Gross Negligence.

#### 1.  Count II – Premises Liability

Plaintiff's premises liability claim is governed by Michigan law. Under Michigan law, plaintiffs "must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v. Dart Props. Inc.*, 715 N.W.2d 335, 440 (Mich. Ct. App. 2006). Michigan law requires landowners to "act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land." *Hoffner v. Lanctoe*, 492 Mich. 450, 459, 821 N.W.2d 88, 93 (2012). However, "landowners are not

insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land." *Id.* "Owners and occupiers of land are in a special relationship with their invitees[.]" *Williams v. Cunningham Drug Stores, Inc.*, 429 Mich. 495, 499, 418 N.W.2d 381, 383 (1988). More specifically, "a business invitor or merchant may be held liable for injuries resulting from negligent maintenance of the premises or defects in the physical structure of the building." *Id.* at 499-500. Put another way, premises possessors must "exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize or protect themselves against. *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995). The duty, however, is not absolute. *Id.* at 188. "[A] premises possessor is liable for an injury only where the premises owner or possessor himself unreasonably creates, tolerates, or causes a dangerous condition." *Russell v. Home Depot, Inc.*, No. 19-12501, 2021 WL 3566333, at *5 (E.D. Mich. Aug. 12, 2021), aff'd, No. 21-2909, 2022 WL 18955863 (6th Cir. Nov. 3, 2022)

Plaintiff alleges that he was a business invitee of Delta. He further alleges that Delta breached its duty owed to Plaintiff as a business invitee in many ways in several ways, including:

- Failing to regularly inspect the premises for dangerous and hazardous conditions," and to discover the defective chair;
- failing to supervise the maintenance of the premises to ensure that its premises was safe for the public's use;

- failing to respond to, fix or repair the condition so as to eliminate the defective and hazardous condition; and
- failing to warn business invitees of the defective condition.

[ECF No. 15, PageID.71-72]. Plaintiff also alleges that the condition (broken chair) was unreasonably dangerous and/or effectively avoidable because it was created and enhanced by Delta. *Id*. at PagID.71. Plaintiff further asserts that Delta had actual and/or constructive notice of the defective and/or hazardous condition. *Id*. Delta does not dispute that it owed Plaintiff a duty as a business invitee. However, Delta argues that Plaintiff cannot satisfy the remaining elements of the premises liability claim. [ECF No. 34, PageID.245].

First Delta contends that Plaintiff can point to no evidence that Delta created any condition that caused the chair legs to break. *Id*. at PageID.246. Plaintiff points to a statement allegedly made by a Delta employee who stated that "Defendant knew that the subject chair, and others like it, were old and needed to be replaced". [ECF No. 39, PageID.489]. Under this argument, Plaintiff would need to show that Delta was aware that the age of the chair would pose a danger to its invitees. Plaintiff relies on *Kandil-Elsayed v. F & E Oil, Inc.*, 2023 Mich. LEXIS 1148, *56-57 in arguing that such evidence is strong enough to create an issue of material fact and deem summary judgment inappropriate. In *Kandil-Elsayed*, the plaintiff sustained injuries when she slipped on ice and snow in a gas station parking lot. *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 105 (2023). There, the trial court granted summary

7

disposition in favor of defendant finding that the condition was open and obvious despite Plaintiff's argument that the condition was unavoidable. *Id*. at 104. The court of appeals affirmed. *Id*. at 105. Nevertheless, the Michigan Supreme Court reversed the ruling finding that a question of fact existed as to whether the gas station's failure to address the ice and snow was reasonable at the time plaintiff fell. *Id*. at 150. The court noted "it is impossible to know at this stage whether the defendant took "reasonable measures ... within a reasonable time after an accumulation of ice and snow" to reduce the hazard." *Id*.

*Kandil-Elsayed* is factually distinguishable from the present matter because it is clear that the parties agree that the condition of the lounge chair was not noticeable from looking at the chair and therefore could not be open or obvious to anyone. In fact, Plaintiff here contends that he had no reason to believe that there was an issue with the chair before sitting in it. Plaintiff argues that "there can be no disputing that the condition of the subject chair was an unreasonable dangerous hazard because the chair's legs broke as soon as Mr. Mati sat down[.]" [ECF No. 39, PageID.490]. However, this argument does not satisfy the inquiry of whether Delta knew that its failure to replace the chair would create a dangerous situation for its guests. Plaintiff has not presented any evidence showing there is a reasonable connection between the age and useful life of the chair which Delta knew or should have known yet failed

8

to do anything about. Furthermore, Plaintiff has not shown that any specific actions by Delta caused the chair to break.

Plaintiff merely relies on the statement made by an alleged employee of Delta that "we keep telling them, the managements [sic], to change the furnitures [sic] because it's old." [ECF No. 39, PageID.484]. This argument is unsubstantiated because Plaintiff has not established that this statement can overcome the rule against hearsay or any of its exceptions. See Fed. R. Evid. 801(a) and (c). It is clear that Plaintiff seeks to offer the statement for the truth of the matter asserted but fails to provide any argument as to why the out of court statement can and should be admitted. [ECF No. 42, PageID.754-755]. With nothing more, Plaintiff has not established that Delta's created, tolerated, or caused a dangerous condition, thereby breaching its duty to Plaintiff.

Finally, Plaintiff's argument that *res ipsa loquitur* is applicable here is also displaced. "Under *res ipsa loquitur*, the court may infer negligence when a plaintiff cannot prove the occurrence of a negligent act." *Ramadan v. Home Depot, Inc.*, 504 F. Supp. 3d 695, 709 (E.D. Mich. 2020). "Ultimately, *res ipsa loquitur* is merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it." *Id*. (internal quotation marks omitted). For *res ipsa loquitur* to apply,

(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;

(3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and

(4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff. *Id*.

Plaintiff must also produce some evidence beyond the mere happening of the event.

Plaintiff's argument fails for several reasons. First, Plaintiff has not provided any evidence that the condition was caused by an agency or instrumentality within the exclusive control of Delta. It is undisputed that the Club is used by thousands of guests each day. Delta cannot control whether or how its patrons move the chairs from their original placements. Furthermore, Plaintiff has not provided any evidence beyond a likely inadmissible statement that Delta would be in a better position than Plaintiff to know the cause of the chair's collapse. Again, the facts of this case are distinguishable from those in Ramadan. There, plaintiff was injured when a few pieces of metal trim came loose from a display and struck plaintiff in the head. *Ramadan*, 504 F.Supp. 3d. at 700. In that case, there was evidence that the event that occurred was not common and the court concluded that it was one that could not occur in the absence of negligence. See *Id*. at 710 ("This evidence lends support to the conclusion that the raceway channels do not just fall absent some type of negligence since it is difficult for the channels to be taken out of the brackets."). The court distinguished the matter from cases which involved things like slip and falls which can happen absent negligence. See *Id*. at 709-10. While it is not common for

chairs to break when being used in the proper way, it cannot be said that such an event can only happen in the presence of negligence. Chairs can break for many reasons. The fact that the chair may have been old does not show that it was unfit or needed to be replaced or that Delta was negligent for not replacing it.

In light of the foregoing, Plaintiff has not met his burden of showing that Delta breached its duty. Therefore, Deltas motion for summary judgment should be granted as to Count II.

### 2. Count III - Negligence/Gross Negligence

It is well established that "[c]laims based on the condition of the land/premises are solely claims for premises liability." 504 F. Supp. 3d at 705. "A separate action for ordinary negligence emerges where a plaintiff alleges that injury resulted from an activity that is separate from the condition of the land." *Id*. Therefore, a plaintiff must allege separate facts to support an independent claim for negligence. See *Jahnke v. Allen*, 308 Mich. App. 472, 476, 865 N.W.2d 49, 52 (2014); *Albitus v. Greektown Casino, LLC*, 339 Mich. App. 557, 984 N.W.2d 511 (2021).

Here, Plaintiff provides almost identical facts to support both his premises liability claim and his negligence. [ECF No. 15, PageID.70-75]. Therefore, Delta's motion for summary judgment should be granted as to Count III.

### B. Davis Furniture

Plaintiff has alleged to counts against Davis Furniture: Count IV - Breach of Implied Warranty and Count V – Negligence/Gross Negligence. *Id*. at PageID.75-78. For the reasons set forth below, Davis Furniture's motion for summary judgment is granted as to both counts.

"A breach of warranty claim tests the fitness of the product and requires that the plaintiff prove a defect attributable to the manufacturer and causal connection between that defect and the injury or damage of which he complains." *Kenkel v. Stanley Works*, 256 Mich. App. 548, 556, 665 N.W.2d 490, 496 (2003) quoting *Piercefield v. Remington Arms Co.*, 375 Mich. 85, 98–99, 133 N.W.2d 129 (1965) (internal quotation omitted). Therefore, a plaintiff must establish (1) that the product was not reasonably safe at the time the product left the manufacturer, and (2) a practical and technically feasible alternative production practice was available at the time the product left the manufacturer's control that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others. M.C.L. 600.2946(2). There is a rebuttable presumption that the manufacturer is not liable if, at the time the product was sold or delivered to the initial purchaser, the aspect of the item causing the issue was in compliance with state and national standards. M.C.L. 600.2946(4).

"[A] negligence claim tests the defendant's conduct instead of the product to determine whether it was reasonable under the circumstances." *Id*. at 557. "It is well-settled under Michigan law that accidents do not equal negligence and that negligence cannot be inferred from the mere proof of an accident and consequent injury." *Hartsfield v. United Techs. Otis Elevator Co.*, 986 F. Supp. 449, 452 (E.D. Mich. 1997) see also *Jordan v. Whiting Corp.*, 396 Mich. 145, 151, 240 N.W.2d 468 (1976) ("[t]he mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two.").

Plaintiff has produced no evidence showing that either (1) the lounge chair was defective at the time that it left Davis Furniture or (2) that Davis Furniture caused a defect in the chair. Plaintiff does not dispute that Davis Furniture shipped the chair to Metro Airport in 2006 and the incident occurred almost thirteen years later on November 21, 2019. Plaintiff further does not contest the fact that the Delta Sky Lounge is used by thousands of people each day who could have attributed to the eventual breakdown of the chair. See *Kenkel*, 256 Mich.App. at 557 (emphasis added) ("plaintiff pursuing a claim of breach of implied warranty is not required to identify the precise defect in the product ***unless*** there are multiple actors to whom a malfunction could be attributed."). While it is clear that a malfunction occurred demonstrable by the chair's collapse, Plaintiff cannot satisfy elements two of the

inquiry, i.e. that the product was defective when it left the control of Davis. See

*Kayla Mall v. Honda N. Am., Inc.*, No. CIV A 06-CV-12332, 2007 WL 2462874, at

*4 (E.D. Mich. Aug. 28, 2007). Plaintiff testified that he does not know why the

back legs broke. See ECF No. 36-4, PageID.413-14. Furthermore, he has not

provided any evidence, by expert testimony or otherwise, which would support his

claim of a defect. Despite Plaintiff's argument, his testimony alone cannot create a

question of fact here to overcome summary judgment.

Likewise, Plaintiff has not provided any evidence that Davis Furniture was

negligent in its manufacturing of the chair.

Therefore, the Court should grant Davis Furniture's motion for summary

judgment.

## VI.    CONCLUSION

For the reasons stated herein,

IT IS SO ORDERED that Delta Airlines, Inc.'s motion for summary judgment

[ECF No. 34] is GRANTED.

IT IS FURTHER ORDERED that Davis Furniture Industries, Inc.'s motion

for summary judgment [ECF No. 36] is GRANTED.

IT IS FURTHER ORDERED that ECF Nos. 49, 50, 51, 52, 53, 54, 55, and 56

are MOOT.

IT IS FURTHER ORDERED that this Order is the final disposition and closes the case.

SO ORDERED.

s/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated: September 19, 2024